**2014 UT App 297**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF D.L., J.L., AND L.L.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

M.L.
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20140864-CA
Filed December 26, 2014

Third District Juvenile Court, Salt Lake Department
The Honorable Julie V. Lund
No. 1024039

Sheleigh A. Harding, Attorney for Appellant

Sean D. Reyes and John M. Peterson, Attorneys
for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES GREGORY K. ORME, JAMES Z. DAVIS,
and MICHELE M. CHRISTIANSEN.

PER CURIAM:

¶1    M.L. (Father) appeals the termination of his parental rights. We affirm.

¶2    "[I]n order to overturn the juvenile court's decision, the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake

has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation and internal quotation marks omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *Id.* Therefore, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3 Pursuant to Utah Code section 78A-6-507, the finding of a single enumerated ground will support the termination of parental rights. *See* Utah Code Ann. § 78A-6-507 (LexisNexis 2012). Therefore, it is sufficient if the evidence supports any of the grounds for termination found by the juvenile court. The court found that Father was an unfit or incompetent parent. *See id.* § 78A-6-507(1)(c). The court further found that Father had substantially neglected, had willfully refused, or had been unable to remedy the circumstances that caused his children to be placed in an out-of-home placement and that there is a substantial likelihood that he will not be capable of exercising proper and effective parental care in the near future. *See id.* § 78A-6-507(1)(d). The juvenile court also found that it was strictly necessary to terminate Father's parental rights. *See id.* § 78A-6-507(1). Finally, the court found that it was in the children's best interest that parental rights be terminated. *See id.* § 78A-6-506(3).

¶4 The evidence supports the juvenile court's finding that Father was unable to remedy the circumstances that caused the children to be in an out-of-home placement and that there was a substantial likelihood Father would not be capable of exercising proper and effective parental care in the near future. The State stipulated that Father completed the requirements of the service plan. Father argues that because the service plan was designed to accomplish reunification, his completion of the plan should result in reunification with his children. However, although Father made progress in improving his parenting skills during the twelve

sessions of Parent Child Intensive Therapy (PCIT), the therapist testified that Father would require ten to twelve months of PCIT twice a week to make significant changes in his parenting ability. The therapist testified that the additional PCIT would increase the probability of success but would not guarantee that at the conclusion of that therapy, it would be safe to return the children to Father's full-time care. Although Father could continue to make improvement, the therapist was not confident that he could make improvements that would be sufficient to meet the children's needs. D.L. has an autism spectrum disorder, and all three children have special needs that require high structure, predictable schedules, highly nurturing care, and aggressive and assertive parenting. In sum, the therapist opined that it would be in the children's best interest to remain with the foster family "in a permanent arrangement and . . . also maintain a relationship with their birth parents." Similarly, the caseworker testified that although Father had been in compliance with services, the caseworker did not believe that Father could sustain an appropriate living environment given the children's special needs and the birth parents' deficits. The caseworker agreed that an ideal situation would be for the children to be adopted by the foster family but have contact with their birth parents.

¶5     Father characterizes the juvenile court's findings as based solely upon speculation about the future. However, the evidence sufficiently supports the juvenile court's finding that although Father made improvements, he was not yet in a position to regain custody of the children at the time of the termination trial and would not be in a position to do so in the near future. At best, Father would require an additional ten months of PCIT. The juvenile court found that the parents received nineteen months of services in 2009 to 2011 for the same concerns that led to the 2012 removal. Despite those services and another nineteen months of services in 2012 to 2014, Father was not in a position to safely take custody of the children. The court found,

> While the court recognizes that there is a possibility that with another 10 [to] 12 months of services [Father] might improve [his] parenting skills, the court finds it is unlikely that [he] would be in a position at that time to meet the special needs of [his] children. [The two younger children] have been under the jurisdiction of the juvenile court for over half of their short lives and the services provided to their parents over those 36 plus months have not resulted in permanent change in their parenting abilities which would ensure their home environment to be safe and appropriate.

The evidence was sufficient to support the ground for termination of parental rights under section 78A-6-507(1)(d).

¶6     The best interest finding is also supported by the evidence. The foster family provided the structure, care, and nurturing necessary to address the children's special needs. Although the caseworker stated at trial that the determination to pursue termination and adoption rather than permanent custody and guardianship in the foster parents took into account the differing financial considerations, Father incorrectly asserts that this was the sole basis for the determination. The evidence as a whole demonstrated that the foster family provided the parenting that would be required to address the special needs of these children, who had resided in the foster home for over a year-and-a-half. Similarly, the juvenile court's conclusion that it was strictly necessary to terminate parental rights is adequately supported because it is in the children's best interests to be adopted by the foster family.

¶7     Father claims for the first time on appeal that the Division of Child and Family Services failed to make reasonable efforts toward reunification by not offering PCIT earlier in the case. This claim was not preserved for appeal. Furthermore, as the juvenile court found, the parents received in excess of thirty-six months of services in

multiple cases. The claim that the Division failed to make reasonable efforts clearly lacks merit.

¶8    Because "a foundation for the court's decision exists in the evidence," we affirm the juvenile court's order terminating Father's parental rights. *See In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

———